## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARLINGTON INNS, INC., | ) | Case No. 05 B 24749 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

## FINAL ORDER GRANTING DEBTOR'S MOTION TO PAY PRE-PETITION PAYROLL AND OTHER EMPLOYEE-RELATED EXPENSES

Upon consideration of the motion of Arlington Inns, Inc. (the "Debtor"), for entry of an order authorizing the Debtor to pay pre-petition payroll and other employee-related expenses and related relief (the "Motion"); the Court having previously entered an order on June 24, 2005 granting the Motion on an interim basis [Docket No. 39]; the Court finding that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; the Court having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court finding that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is warranted and is in the best interests of the Debtor, its estate, and its creditors; and (d) proper notice of the Motion and the Hearing has been given by the Debtor and was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief herein granted,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis.

2. Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

3.      The Debtor is authorized, but not directed, to pay the Pre-Petition Compensation Obligations, as defined in the Motion up to $10,000 per individual, not to exceed a total of $200,000. The Debtor is further authorized to pay the withholding and payroll-related taxes that correspond to the Pre-Petition Compensation Obligations.

4.      Any bank or financial institution at which the Debtor maintains accounts relating to the payment of any amounts owed to its employees is authorized and directed to receive, process, honor and pay any and all checks drawn on the Debtor's payroll and general disbursement accounts related to the Pre-Petition Compensation Obligations (as defined in the Motion), whether presented before or after the petition date, upon receipt by each bank and institution of notice of such direction, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

5.      The entry of this Order is without prejudice to any rights, if any, PMC Commercial Trust or its affiliates may have in any cash collateral, if any, and any adequate protection, if any.

6.      This Court retains jurisdiction to construe and enforce this order

Dated: July 25, 2005

ENTERED:

Hon. A. Benjamin Goldgar
United States Bankruptcy Judge

Order prepared by:
Catherine L. Steege (ARDC #06183529)
Jayne Laiprasert (ARDC # 06283321)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60610
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

JUL 2 5 2005

2